**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**at COVINGTON**

**CRIMINAL NO. 14-16-DLB-CJS-01**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**VS.**                            **REPORT AND RECOMMENDATION**

**MAURICE STELLS**                                                              **DEFENDANT**

**IN RE: THIRD-PARTY CLAIM OF**
    **CLAIMANT ASHLEY BLACK**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.    INTRODUCTION

This matter is before this Court for a Report and Recommendation regarding Plaintiff United States' Motion to Dismiss the Claim of Claimant Ashley Black, filed March 6, 2015. (R. 42). Claimant has filed her Response (R. 44), to which Plaintiff has filed a Reply (R. 45). The matter being ripe for consideration, for the reasons that follow it will be recommended that the Government's Motion to Dismiss (R. 42) be **denied** and Black's claim proceed forward.

## II.    BACKGROUND AND PROCEDURAL HISTORY

On June 30, 2014, Defendant Maurice Stells pleaded guilty to conspiracy to distribute more than 100 grams of heroin.  As part of his Plea Agreement, Stells agreed to forfeit all interest he had in the property listed in the forfeiture allegation of the Indictment. (R. 29, at 3). On January 5, 2015, a Preliminary Judgment of Forfeiture was entered forfeiting Stells' interest in the two vehicles listed

in the forfeiture allegation of the Indictment—a 2007 Nissan Altima and a 2003 Chevrolet Monte Carlo. (R. 35).

Following the Preliminary Judgment of Forfeiture, Plaintiff sent notice to potential third party claimants and commenced public notice on the Internet. (R. 42, at 2). Plaintiff sent notice to Claimant Black via certified mail. (*Id.*). The United States Postal Service return receipt shows that the notice was received on January 13, 2015, and signed for by Gregory Black.[1] (*Id.*; R. 42-2, at 1). Per Plaintiff's notice, Claimant, through counsel, signed and returned an acknowledgment of receipt of process on January 29, 2015. (R. 44, at 1).  Claimant, through counsel, filed a petition for a hearing to adjudicate the validity of her alleged interest in the 2007 Nissan Altima. (R. 38). Based on Claimant's filing having been made on February 28, 2015, the United States now moves to dismiss Claimant's claim as untimely. (R. 42).

## III.   STANDARD OF REVIEW

Federal Rule of Criminal Procedure 32.2(c)(1)(A) states, "[i]n the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason.  For purposes of the motion, facts set forth in the petition are assumed to be true."  Fed. R. Crim. P. 32.2(c)(1)(A).  Under this Rule, "a motion to dismiss a third-party petition in a forfeiture proceeding which is filed prior to discovery or a hearing is treated like a motion to

---

[1] In her Response to Plaintiff's Motion to Dismiss, Claimant explains that Gregory Black is her father.  (R. 44, at 1).  In an *in rem* action, the Government does not have to comply with the formal service of process provisions of Federal Rule of Civil Procedure 4 when providing notice of forfeiture to potential claimants.  Here, the Government's certified mail directed to Ashley Black was sufficient.  *See, e.g., Harrington v. U.S. Drug Enforcement Agency*, No. 05-cv-206-WOB, 2006 WL 897221, at *4 (E.D. Ky. Apr. 6, 2006) ("Written notice of forfeiture by certified mail to the claimant's residence generally satisfies due process even if the claimant does not receive actual notice." (citations omitted)).

dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *United States v. Salti*, 579 F.3d 656, 667 (6th Cir. 2009) (quoting *Pacheco v. Serendesky*, 393 F.3d 348, 352 (2d Cir. 2004)).

Here, Plaintiff has moved to dismiss Claimant's third-party claim as untimely prior to the commencement of discovery or a hearing.  (R. 42).[2]  Because Plaintiff attaches matters outside the pleadings in support of its Motion, the Motion must be treated as one for summary judgment under Federal Rule of Civil Procedure 56.  Fed. R. Civ. P. 12(d).  Under this standard, this Court should dismiss the Petition only if there exists no genuine issue as to any material fact and it appears that the United States is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c)(2); *Sigler v. Am. Honda Co.*, 532 F.3d 469, 482-83 (6th Cir. 2008).

## IV.   ANALYSIS

To obtain title to property through criminal forfeiture, the Government must give third parties a chance to assert competing interests in the property. *United States v. Erpenbeck*, 682 F.3d 472, 475 (6th Cir. 2012) (citation omitted). "After a district court enters a preliminary order of forfeiture, federal law requires the government to provide notice of the proceedings, giving interested parties thirty days to file a petition asserting their claims. If anyone files a petition, the court must hold an ancillary hearing to determine the bona fides of his alleged interest." *Id.* at 475.  Notice of the forfeiture "may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v) of the Federal Rules of Civil Procedure."  Fed. R. Crim. P. 32.2(b)(6)(D).

Once notified that property has been identified for seizure, claimants have a limited time in which they may file a claim alleging ownership of the property. The federal statute governing criminal forfeitures states that "[a]ny person, other than the defendant, asserting a legal interest in

---

[2] Plaintiff does not indicate under which procedural rule its "Motion to Dismiss" is brought.

property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2).

In its Motion to Dismiss, Plaintiff alleges that Claimant failed to file her third-party claim within the 30-day time period allotted by 21 U.S.C. § 853(n)(2), and that her claim should therefore be dismissed as untimely. It is undisputed that Claimant received direct notice of the Government's interest in the disputed property via certified mail on January 13, 2015 (R. 42-2), and that she did not file her claim on the disputed property until February 28, 2015. (R. 38). Thus, Black's claim was filed 16 days beyond the 30-day time period allotted by 21 U.S.C. § 853(n)(2).

Plaintiff asserts that the Court's analysis should end there, as the law regarding deadlines for third-party claimants should be strictly applied without exception. Plaintiff maintains a claim filed outside the 30-day window *must* be dismissed, citing *United States v. Marion*, 562 F.3d 1330, 1339-40 (11th Cir. 2003); *United States v. Davenport*, 668 F.3d 1316, 1322 (11th Cir. 2012). Plaintiff also cites other cases where a third-party claimant in a civil forfeiture action had a claim denied for being filed past the statutory deadline. *United States v. Osborn*, 357 F. App'x 109, 109-10 (9th Cir. 2009) (claim filed 71 days after receipt of notice); *United States v. Grossman*, 501 F.3d 846 (7th Cir. 2007) (claim filed 5 months after receipt of notice dismissed as untimely); *United States v. Sharma*, 509 F. App'x 381 (5th Cir. 2013) (claim filed 10 months after the deadline); *United States v. Muckle*, 709 F. Supp. 2d 1371, 1372 (M.D. Ga. 2010) (claim filed 22 days late was dismissed as untimely). Finally, Plaintiff cites one case in this district where a late third-party claim was dismissed as untimely. *United States v. Michael D. Smith, et al.*, Action No. 08-CR-31-JMH (E.D. Ky. July 14, 2011).

Upon consideration and review of the relevant authorities, it appears the Government's advocated strict enforcement of the 30-day limit for third-party criminal forfeiture claims is not mandated by the Sixth Circuit. It is true that Sixth Circuit cases discussing motions to strike third-party claims in forfeiture proceedings do favor strict adherence to the rules and generally do not excuse even technical non-compliance. *See, e.g., United States v. Thirty-Five Firearms*, 123 F. App'x 204, 206 (6th Cir. 2005) (stating that in an *in rem* forfeiture proceeding "a claimant is held to 'strict compliance with the provisions of [the rules on when a third-party claim must be filed].'").[3] However, "the district court has discretion to permit an extension of time or allow late filing of a claim," *id.* at 206 (citing *United States v. 1982 Yukon Delta Houseboat et al.*, 774 F.2d 1432, 1435 (9th Cir. 1985)), and noncompliance may be excused under certain circumstances, *United States v. $22,050.00 in U.S. Currency*, 595 F.3d 318, 323 (6th Cir. 2010).

The Sixth Circuit has not established a firm test for noncompliance, but has provided guidance in the form of potentially relevant factors to consider. *$22,050.00*, 595 F.3d at 323. These factors include: "the reasons for the delay, whether the [claimant] advised the court and the

---

[3]The cases cited in this paragraph and the next are civil forfeiture cases, whereas Black's claim is made in this *criminal* forfeiture case. Nevertheless, the rules governing the two processes are linked. Effective December 1, 2009, Federal Rule of Criminal Procedure 32.2 was amended to provide that the Government "must publish notice of the [forfeiture] order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceedings." Fed. R. Crim. P. 32.2(b)(6)(A). The amended rule also explicitly incorporated the notice provisions of Rule G(4) of the Forfeiture Action Rules. Fed. R. Crim. P. 32.2(b)(6)(D). Even before the 2009 amendment of Rule 32.2 explicitly incorporated the Federal Rules of Civil Procedure's notice provisions, the Advisory Committee Notes acknowledged that "[t]he notice provisions regarding the ancillary proceeding are equivalent to the notice provisions that govern civil forfeitures." Fed. R. Crim. P. 32.2, advisory committee's note (2000 Adoption). That approach is consistent with the established principle that ancillary proceedings to a criminal forfeiture prosecution conducted on behalf of a nondefendant third-party claimant are considered civil cases. *See United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003) (concluding ancillary proceedings under § 853(n) are civil cases), *superseded by statute on other grounds as recognized by United States v. Cano*, 558 F. App'x 936 (11th Cir. 2014). Thus, the courts' analysis of notice in the civil forfeiture cases in this section can guide the Court's analysis in the present criminal forfeiture proceeding.

government of their interest in the property before the claim deadline, and whether the government would be prejudiced by the late filing." *Thirty-Five Firearms*, 123 F. App'x at 206.  Other federal courts have indicated that "courts may excuse some minor procedural failings so long as the underlying goals of the Supplemental Rules are not frustrated." *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 664 F. Supp. 2d 97, 102 (D.D.C. 2009) (internal quotations omitted).

Here, although Claimant filed her Petition 16 days late, consideration of potentially relevant factors justify permitting her Petition to proceed.  In her Response, Claimant argues that the notice she received from the United States was ambiguous and gave her the false impression that her claim was in fact filed within the deadline. (R. 44, at 2-3).

In a federal criminal forfeiture action, the United States is responsible for ensuring that direct notices sent to third party claimants "state the times under the applicable statute when a petition contesting the forfeiture must be filed[.]" Fed. R. Crim. P. 32.2(b)(6)(B). The following is the relevant section of the notice Claimant received from the United States on January 13, 2015:

> You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days. . . .
> If you do not complete and return the form to the sender within 20 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving the forfeiture notice in any other manner permitted by law.
> *After you complete and return this form, you* (or the party on whose behalf you are being served) *must file a petition within 30 days of receipt of process*, pursuant to the terms of 21 U.S.C. § 853(n)(3).

(R. 42-1, at 1) (emphasis added). Attached to the notice was an "Acknowledgment of Receipt of Notice of Forfeiture and Third Party Claimant Procedure," which Claimant signed and sent to the United States on January 29, 2015, within the 20 days specified. (*See* R. 44-1).

Claimant's argument is that the notice was worded so as to make her (and her attorney) believe that the 30-day deadline for filing a third-party claim did not begin to run until after she signed the acknowledgment. (*See* R. 44, at 2-3). This interpretation of the notice has some merit. While the federal criminal forfeiture statute plainly lays out that a third-party claimant may file their claim "within thirty days of the final publication of notice or the receipt of notice . . . whichever is earlier," 21 U.S.C. § 853(n)(2), the notice sent by the United States, which is supposed to inform potential claimants of this deadline, does not speak so plainly. The notice says that the claim must be filed within 30 days of "receipt of process," an unnecessarily opaque term that could be taken to refer to a claimant serving their acknowledgment upon the United States. This interpretation is reinforced by the suggestion that the 30-day tolling period commences after the acknowledgment is returned to the United States: "*After you complete and return this form*, you must file a petition within 30 days of receipt of process." (R. 42-1, at 1) (Emphasis added). The introductory clause is confusing and suggests that there is a sequence for a claimant to follow: first sign and return the acknowledgment (within 20 days, as directed in the previous paragraph); then you have 30 days after that to file a claim on the disputed property. This is a reasonable interpretation of the content of the notice, and suggests that the United States did not adequately fulfill their obligation to "state the times under the applicable statute when a petition contesting the forfeiture must be filed[.]" Fed. R. Crim. P. 32(b)(6)(B). This weighs in favor of the Court using its discretion to allow Claimant's claim to proceed despite having been filed beyond the deadline.

Additionally, Plaintiff has not asserted that it would be prejudiced in any way were Claimant's claim allowed to proceed, and the Court can see no prejudice here. Claimant filed her claim on February 28, 2015, 16 days past the statutory deadline. (R. 38). No final order forfeiting the

7

property had been entered by the time Claimant filed. In addition to sending direct notice to parties who are suspected to have an interest in property subject to criminal forfeiture, the United States must publish also notice so that other parties have an opportunity to learn of the disputed property. Fed. R. Crim. P. 32.2(b)(6)(C) (referencing Fed. R. Civ. P. Supp. R. G(4)(a)(iii)). As Plaintiff notes in its Motion to Dismiss, based on the publication schedule, the deadline for an interested party who did not receive actual notice to file a claim was March 6, 2015. (R. 42, at 2 n.1). Under the forfeiture statute, "if no [third-party] petitions are filed following the expiration of [both the direct notice and publication notice period] for the filing of such petitions, the United States shall have clear title to the property that is the subject of the order of forfeiture." 21 U.S.C. § 853(n)(7).  Thus, Plaintiff could not even move for a final order of forfeiture until after the deadline for filing a claim had passed.  For this reason, allowing the Petition to proceed would not result in prejudice to Plaintiff.

In sum, Plaintiff provides no controlling authority for its assertion that Claimant's failure to file a third-party claim within 30 days of her receipt of notice mandates dismissal of her claim.  Sixth Circuit case law demonstrates that the district court has discretion to allow the late filing of a claim. *See Thirty-Five Firearms*, 123 F. App'x at 206. Given that the relevant factors when considering excusal of noncompliance weigh in Claimant's favor, her claim should be allowed to proceed.  *See United States v. $15,840.00*, 2011 WL 4558668, at *3 (S.D. Ohio Sept. 30, 2011) (quoting *United States v. One 2005 Rolls Royce Phantom*, 2008 WL 109114, at *3 (N.D. Ill. Jan. 8, 2008) ("Admittedly, [the claimant's] reasons for its late filing are feeble, but courts have extended the time to file a claim despite [a] claimant's failure to offer *any* reasons supporting failure to file where the government failed to specifically show how it would be prejudiced by a late filing.")).

8

## V.      CONCLUSION

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion to Dismiss Claim of Ashley Black (R. 42) be **DENIED,** following which and pursuant to the referral of this matter to the undersigned (*see* R. 39), a case schedule will be issued as to Black's Claim (*see* R. 43).

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation.  Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court.  Failure to make a timely objection may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 19th day of January, 2016.



**Signed By:**

*Candace J. Smith*

**United States Magistrate Judge**

I:\DATA\Orders\criminal cov\2014\14-16 Black 3rd pty claim MTD R&R.final.wpd